UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY MILLER,<br><br>Plaintiff,<br><br>v.<br><br>MONROE COUNTY, et al.,<br><br>Defendants. | Civil Action No. 22-759 (SDW-LDW)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On February 15, 2022, Plaintiff Ricky Miller filed this civil rights matter in which he seeks to raise a due process claim related to his March 24, 2021 release from East Jersey State Prison ("EJSP") in the State of New Jersey and his same day transfer, pursuant to a detainer, to the Morris County Correctional Facility in Pennsylvania for service of a consecutive sentence. (ECF No. 1). Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). For relief, he seeks money damages, declaratory judgment, and return to the State of New Jersey.[1]

2. Having reviewed Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted.

3. Because Plaintiff's *in forma pauperis* application shall be granted, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.

---

[1] To the extent Petitioner seeks release from custody in Pennsylvania, the proper vehicle for relief is a habeas petition under 28 U.S.C. § 2254 directed at his current custodian.

1

§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. In his complaint, Plaintiff alleges that he was a New Jersey state prisoner on March 24, 2021, when he was granted parole to commence a five-year mandatory parole supervision term. Plaintiff asserts that he has a due process liberty interest protected by the Constitution and state and federal laws, in release upon expiration of his New Jersey custodial sentence to serve his New Jersey mandatory term of parole supervision before the Pennsylvania Department of Corrections ("PADOC") can take custody of him. Further, he seeks an injunction preventing PADOC from deducting money from his inmate trust account during the pendency of this litigation.

6. Specifically, on April 03, 2006, Plaintiff alleges that he was sentenced to serve 20 years, with an 85% parole disqualifier and mandatory 5 years of parole supervision under N.J.S.A. 2C:43-7.1 *et al.*, known as No Early Release Act "NERA".

7. On August 10, 2006, the Commonwealth of Pennsylvania submitted to the New Jersey Department of Corrections ("NJDOC") an "Agreement on Detainer: Form V, Article IV, Prosecutor Request For Temporary Custody of Plaintiff." Plaintiff alleges he was not notified of this request. Nevertheless, on December 04, 2006, Plaintiff was transferred from the State of New Jersey to the Commonwealth of Pennsylvania pursuant to the Article IV request. On August 7, 2007, Plaintiff was sentenced by the Court of Common Pleas of Monroe County, Pennsylvania to an aggregate sentence of not less than 24 years and not more than 48 years in a state correctional institution, the total aggregate sentence to run consecutive to the sentence he was serving in New Jersey.

8. In September 2007, Monroe County Sheriff's Deputies returned Plaintiff to NJDOC custody to complete the New Jersey sentence.

9. On March 23, 2021, Plaintiff was issued a NJ Transit bus ticket providing him with transportation to the New Jersey State Parole Office located in Camden, NJ, where he was

3

instructed to report upon release. The NJDOC issued a final discharge paper, signed by Defendant Robert Chetirkin, Administrator of ESJP, stating: "Miller, Ricky... hereby discharged from the State Prison, East Jersey on this day of March 24, 2021 by reason of the expiration of his custodial sentence. A period of 5 years parole supervision will commence upon release. Upon successful completion of the supervision period, the New Jersey State Parole Board will issue a discharge certificate."[2]

10. On March 24, 2021, Plaintiff was scheduled to be discharged from the custodial sentence in New Jersey to begin serving the mandated 5-year term of parole supervision. Plaintiff was placed in the discharge area of EJSP until the Monroe County Sheriff's Department removed Plaintiff and transported him to Monroe County Correctional Facility. Several days later Plaintiff received an envelope containing the final discharge paper from the New Jersey Parole Board. In May 2021, the Monroe County Sheriff's Department transferred Plaintiff from Monroe County Correctional Facility to SCI-Smithfield, within the Pennsylvania Department of Corrections ("PADOC"). PADOC is making deductions from Plaintiff's prison account to satisfy the Monroe County sentencing orders. Plaintiff has exhausted the PADOC grievance/appeal process concerning this issue.

11. In *State v. Robbins*, 590 A.2d 1133, 1137 (N.J. 1991), a New Jersey prisoner attempted to delay the imposition of his death sentence in California "by using as a shield" the fact that he was serving a sentence in New Jersey. The New Jersey Supreme Court determined that he could not force New Jersey to carry out its full punishment because "[h]e owe[s] a debt to two different sovereigns. Under our law these debts must be paid, and it is not up to the accused to determine in

---

[2] Plaintiff quotes from the "Declaration of Ricky Miller," but this document was not filed with his complaint.

what order they should be paid." *Id.* (quoting *Guerrieri v. Maxwell*, 186 N.E.2d 614, 618 (Ohio 1962.)) Therefore, Plaintiff does not have a due process liberty interest in serving his full New Jersey sentence prior to commencing his Pennsylvania sentence.

12. Plaintiff's complaint is dismissed without prejudice. If Plaintiff believes he has a specific procedural due process claim that he has not presented,[3] he may file an amended complaint within 30 days of date of entry of this Order.[4]

DATED: March 8, 2022

　　　　　　　　　　　　　　　　　　　　　　Hon. Susan D. Wigenton,
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] *See e.g. Ellard v. Alabama Bd. of Pardons & Paroles*, 824 F.2d 937, 943 (11th Cir. 1987) ("Nowhere does the statute [AL ST § 15-22-20] expressly or impliedly provide the Parole Board the unlimited authority to revoke a parole that has been granted.)

[4] For a discussion of procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another jurisdiction under a detainer agreement and the Extradition Act, see *Cuyler v. Adams*, 449 U.S. 433, 443 (1981).